IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| C. I. O'Neill, as the Personal Representative of the Estate of John P. O'Neill, Sr., deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of John P. O'Neill, Sr.<br><br>C. I. O'Neill, individually, as surviving spouse of John P. O'Neill, Sr.<br><br>C. I. O'Neill as the Personal Representative of the Estate of D. A. O'Neill, the late parent of John P. O'Neill, Sr.<br><br>J. P. O'Neill, Jr., individually, as surviving child of John P. O'Neill, Sr.<br><br>C. O'Neill, individually, as surviving child of John P. O'Neill, Sr.<br><br>                          Plaintiffs,<br><br>On Behalf of Themselves and<br>All Others Similarly Situated,<br><br>                          vs.<br><br>The Muslim World League, International Islamic Relief Organization, World Assembly of Muslim Youth, Al Haramain Islamic Foundation, Yasin Kadi, Dubai Islamic Bank<br><br>                          Defendants. | **SUPPLEMENTAL CLASS ACTION COMPLAINT**<br><br>**CASE NUMBER:**<br><br>_____ **(GBD) (SN)**<br><br><br>**Jury Trial Demanded** |

# I. PURPOSE

1. The purpose of this Supplemental Class Action Complaint is to support, but not replace, the First Consolidated Complaint, 04-cv-1923, 03-MDL-1570, ECF No. 1570, filed September 30, 2005, as to the Muslim World League ("MWL"), International Islamic Relief Organization ("IIRO"), World Assembly of Muslim Youth ("WAMY"), Al Haramain Islamic Foundation ("al Haramain"), Yasin Kadi ("Kadi"), and Dubai Islamic Bank ("DIB") solely in order to add new causes of action pursuant the Justice Against Sponsors of Terrorism Act (JASTA), Pub. L. No. 114-222, 130 Stat. 852 (2016).

# II. INTRODUCTION

2. On September 11, 2001, 2,977 individuals were murdered when (19) nineteen terrorists perpetrated an attack on the United States that was unprecedented in history. The nineteen terrorists (hereinafter referred to as the "al Qaeda hijackers" or the "hijackers") were members of a terrorist network known as "al Qaeda." In a coordinated attack, they hijacked four (4) passenger jet airliners, causing two jets to crash into the World Trade Center Towers in New York, and a third to crash into the Pentagon Building in Arlington County, Virginia. The fourth airliner crashed into a field near the town of Shanksville, Pennsylvania, after innocent passengers challenged the hijackers and prevented them from reaching their apparent destination in Washington, D.C. ("September 11th Attacks").

3. The attacks of September 11, 2001, were not isolated incidents, but rather a coordinated effort by the al Qaeda terrorist organization, planned for years by an extensive network of Islamic militants with the support, aid and assistance of banks, governments, and individuals. The then leader of al Qaeda, Osama bin Laden, admitted his responsibility for planning and carrying out the September 11th Attacks. The al Qaeda organization, with the aid

and assistance of various individuals, organizations and governments, sponsored, trained, funded, and supported the hijackers.

4. Plaintiffs, through their undersigned attorneys, do hereby bring this Complaint seeking damages as descendants, heirs and survivors, and as personal representatives of those who were killed as a result of the September 11th Attacks. Plaintiffs demand judgment against the Muslim World League ("MWL"), International Islamic Relief Organization ("IIRO"), World Assembly of Muslim Youth ("WAMY"), Al Haramain Islamic Foundation ("al Haramain"), Yasin Kadi ("Kadi"), and Dubai Islamic Bank ("DIB") (collectively, "Defendants"), and, through their undersigned attorneys, do hereby bring this Complaint seeking damages arising out of those terrorist attacks, and state as follows:

### III.  THE PARTIES

#### *Plaintiffs*

5. Plaintiff J. P. O'Neill, Jr., is a United States citizen and a resident of the State of Maryland. He is the surviving son of John P. O'Neill, Sr., who was killed in the terrorist attack on the World Trade Center Towers in New York City on September 11, 2001.

6. Plaintiff C. I. O'Neill is a United States citizen and a resident of the State of New Jersey. She is the surviving widow of John P. O'Neill, Sr., who was killed in the terrorist attack on the World Trade Center Towers in New York City on September 11, 2001.

7. Plaintiff C. I. O'Neill is the personal representative of D. A. O'Neill, who was a United States citizen and a resident of the State of New Jersey. She was the surviving mother of John P. O'Neill, Sr., who was killed in the terrorist attack on the World Trade Center Towers in New York City on September 11, 2001.

2

docs-100076914.1

8. Plaintiff C. O'Neill is a United States citizen and a resident of the State of Pennsylvania. She is the surviving daughter of John P. O'Neill, Sr., who was killed in the terrorist attack on the World Trade Center Towers in New York City on September 11, 2001.

9. Plaintiffs' decedent, John P. O'Neill, Sr., was a United States citizen and a resident of the State of New Jersey. He was killed in the terrorist attack on the World Trade Center Towers in New York City on September 11, 2001.

10. Plaintiff the Estate of John P. O'Neill, Sr., is the legal entity created to recover damages on behalf of John P. O'Neill, Sr., deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of John P. O'Neill, Sr., arising from the September 11, 2001 terrorist attack on the World Trade Center. Plaintiffs J. P. O'Neill, Jr., and C. I. O'Neill are co-executors of the Estate of John P. O'Neill Sr., deceased.

### *The Class and Class Representatives*

11. The Plaintiffs specifically named above (the "Class Representatives"), pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of themselves and all similarly situated persons and entities, as defined as follows:

> The following persons shall be members of the Class: (1) all spouses, children, parents, or siblings of any individual who died at the World Trade Center in New York, NY, the Pentagon Building in Arlington County, Virginia, or in the airliner crash in Shanksville, Pennsylvania, as the result of terrorist attacks on September 11, 2001; and (2) all legal representatives (including executors, estate administrators and trustees) entitled to bring legal action on behalf of any individual who died as the result of terrorist attacks on September 11, 2001; but excluding (3) all individuals, and all spouses, children, parents, siblings, and legal representatives of individuals identified by the Attorney General of the United States or otherwise shown to have perpetrated, aided and abetted, conspired in regard to, or otherwise supported the terrorist attacks of September 11, 2001.

12. All members of the Class are hereinafter referred to collectively as the "Class". All persons who perished as a result of the September 11 terrorist attacks are referred to collectively as the "Decedents."

*Defendants*

13. Defendant Muslim World League ("MWL") is a Saudi Arabia-based charitable organization with its principal place of business in Mecca, Saudi Arabia. It was founded in 1962 largely by members of the Muslim Brotherhood and acts as a proselytizing organization. It is the parent of Defendant International Islamic Relief Organization.

14. Defendant International Islamic Relief Organization ("IIRO") is a Saudi Arabia-based charitable organization with its principal place of business in Jeddah, Saudi Arabia. IIRO provides emergency relief assistance in Muslim countries worldwide as well as undertakes proselytizing activity. It is often co-located with its parent the MWL. At least two offices of the IIRO and a senior official have been declared Specially Designated Global Terrorist ("SDGT") by the U.S. government for their support to al Qaeda.

15. Defendant World Assembly of Muslim Youth ("WAMY") is a Saudi Arabia-based charitable organization with its principal place of business in Riyadh, Saudi Arabia. WAMY is a proselytizing organization for the ultra-conservative version of Islam known as Wahhabism. WAMY focuses on radicalizing youth via educational facilities and youth camps.

16. Defendant Al Haramain Islamic Foundation ("al Haramain") is a Saudi Arabia-based charitable organization with its principal place of business in Riyadh, Saudi Arabia. Al Haramain is closely affiliated with the Kingdom of Saudi Arabia's Ministry of Islamic Affairs. All branches of al Haramain, as well as senior officials, have been declared SDGTs for their support to al Qaeda.

17. Defendant Yasin Kadi ("Kadi") is a Saudi Arabia-based businessman and charity manager with his principal place of business in Jeddah, Saudi Arabia. Kadi had business activities in Pakistan, Sudan, Turkey, Albania and numerous other countries. Yasin Kadi was declared an SDGT by the U.S. government for his support to al Qaeda.

18. Defendant Dubai Islamic Bank ("DIB") is a United Arab Emirates-based financial institution with its principal place of business in Dubai, UAE.

## IV. JURISDICTION

19. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question).

20. Venue in this district is proper pursuant to 28 U.S.C. §§ 1391(b)(2), 1391(d), and 1391(f)(1), as a substantial part of the events giving rise to the claims asserted herein occurred in this district. Venue is also proper in this district pursuant to 18 U.S.C. § 2334(a).

## V. FACTUAL BACKGROUND

21. Plaintiffs incorporate by reference all of the Common Factual Allegations, along with the More Definite Statements, and RICO Statements contained in the First Consolidated Complaint, Case No. 04-cv-1923, 03-MDL-1570, filed September 30, 2005, ECF No. 1570, a copy of which is attached to this Supplemental Class Action Complaint as Exhibit 1.

## VI. CLASS ACTION ALLEGATIONS

22. Class Definition:  The Class Representatives, pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of themselves and all others similarly situated, as members of a proposed Class defined as follows:

> The following persons shall be members of the Class: (1) all spouses, children, parents, or siblings of any individual who died at the World Trade Center in New York, NY, the Pentagon Building in Arlington County, Virginia or in the airliner crash in Shanksville, Pennsylvania as the result of terrorist attacks on

5

September 11, 2001; and (2) all legal representatives (including executors, estate administrators and trustees) entitled to bring legal action on behalf of any individual who died as the result of terrorist attacks on September 11, 2001; but excluding (3) all individuals, and all spouses, children, parents, siblings, and legal representative of individuals, identified by the Attorney General of the United States or otherwise shown to have perpetrated, aided and abetted, conspired in regard to or otherwise supported the terrorist attacks of September 11, 2001.

23. <u>Numerosity</u>: The members of the Class are so numerous that their individual joinder would be impracticable in that:

  (i) The Class includes the legal representatives and families of over 3,000 people murdered by defendants in the September 11, 2001 attacks in New York, Virginia and Pennsylvania;

  (ii) It would be highly impractical and a waste of judicial resources for each of those approximately 2,977 Decedents and their related Class members to be individually represented in separate actions or a single action; and

  (iii) Each of the putative Class members seek to recover damages based upon the common and coordinated conduct of the Defendants.

24. <u>Commonality of Factual and Legal Questions</u>: Common questions of law and fact exist as to all members of the Class. These common legal and factual questions include, but are not limited to, the following:

  (i) Whether damages alleged by the Class were proximately caused by the conduct of the Defendants;

  (ii) Whether the Defendants are liable to the Class for damages pursuant to the Anti-Terrorism Act;

  (iii) Whether Defendants are liable to the Class for punitive damages;

6

   (iv) What is the proper method for calculating damages for members of the Class;

   (v) Whether members of the Class can gain access to those assets of Defendants that have been frozen by the United States Department of Treasury in order to satisfy a judgment; and

   (vi) Whether members of the Class can gain access to those assets of Defendants that have been frozen by foreign states in order to satisfy a judgment.

25. <u>Typicality</u>:  The claims of the Class Representatives are typical of the claims of all members of the Class in that:

   (i) The Class Representatives and all other Class members suffered damages as the result of common conduct and acts of the Defendants;

   (ii) Defendants used identical instruments, methods, and plans to inflict harm upon the Class Representatives and all other Class members;

   (iii) The method used to compute compensatory damages will be identical for the Class Representatives and all other members of the Class; and

   (iv) Punitive damages should be awarded against the Defendants for singular acts that impacted the Class Representatives and all other Class members.

26. <u>Adequacy of Class Representatives</u>:  The Class Representatives are adequate representatives of the Class in that:

   (i) The Class Representatives and all other Class members have a unity in interest in bringing this action against the Defendants;

7

  (ii) The Class Representatives have made provision for adequate financial resources to be available for the conduct of this litigation in order to ensure that the interests of the Class will not be harmed; and

  (iii) Members of the Class will be adequately represented by the Class Representatives and their Counsel who are experienced in class action litigation.

27. <u>Predominance of Common Issues and Efficiency of Class Treatment</u>: The common issues of fact and law enumerated above predominate over any individual factual or legal issues, and a Class Action is a superior method for the fair and efficient adjudication of those issues in that:

  (i) Individualized litigation presents a potential for inconsistent or contradictory judgments and increases the burden and expense to all parties and to the court system;

  (ii) By contrast, the class action device presents far fewer management difficulties and provides the benefits of a single adjudication, economies of scale, and comprehensive supervision by a single court; and,

  (iii) The claims of the Class Representatives and each Class member as set forth above shall be governed by either federal law or substantially identical state law.

WHEREFORE, Plaintiffs request that this Honorable Court certify this matter as a Class Action and award Plaintiffs and the Class damages on each of the causes of action stated herein plus interest, costs, and such other monetary and equitable relief as this Honorable Court deems

appropriate to prevent the Defendants from ever again committing the terrorist acts of September 11, 2001, or similar acts.

### COUNT XIII

### AIDING AND ABETTING AL QAEDA AND THE SEPTEMBER 11th ATTACKS IN VIOLATION OF 18 U.S.C. § 2332(a); 18 U.S.C. § 2332(b); 18 U.S.C. § 2332(c) AND 18 U.S.C. § 2333

28.     Plaintiffs incorporate all previous allegations by reference.

29.     The relentless campaign by al Qaeda and its materials supporters to carry out terrorist attacks against the United States and its citizens, which culminated in the September 11th Attacks, involved continuous acts of violence and acts dangerous to human life, that violate the criminal laws of the United States, including the prohibitions set forth in 18 U . S. C. § 2332. *See* 18 U.S.C. § 2332(a) (prohibiting through conduct transcending national boundaries: killing or attempting to kill persons within the United States; causing serious bodily injury or attempting to cause serious bodily injury to persons within the United States; destroying or damaging any structure, conveyance, or other real or personal property within the United States; or attempting or conspiring to destroy any or damage any structure conveyance, or other real or personal property within the United States).

30.     The relentless campaign by al Qaeda and its material supporters to carry out terrorist attacks against the United States and its citizens, including the September 11th Attacks, was intended (a) to intimidate or coerce the civilian population of the United States, (b) to influence the policy of the government of the United States by intimidation or coercion, and (c) to affect the conduct of the government of the United States by mass destruction and murder.

31.     The extraordinary material support and resources that Defendants MWL, IIRO, WAMY, al Haramain, DIB, and Yasin Kadi provided to al Qaeda over many years, as described

9

above, substantially assisted al Qaeda in successfully planning, coordinating, and carrying out the September 11th Attacks, and was essential to the success of those Attacks.

32. Defendants MWL, IIRO, WAMY, al Haramain, and DIB, and Yasin Kadi knew at all times that they were providing material support for al Qaeda's campaign to carry out acts of international terrorism against the United States and its citizens, and were both aware and intended that the resources they provided would substantially assist al Qaeda in that objective.

33. As set forth more fully above, but for the assistance provided by Defendants MWL, IIRO, WAMY, al Haramain, DIB, and Yasin Kadi, al Qaeda could not have successfully planned, coordinated, and carried out the September 11th Attacks, which were a foreseeable and intended result of their material support and sponsorship of al Qaeda.

34. By aiding and abetting violations of 18 U.S.C. § 2332 that have caused injuries to Plaintiffs, Defendants MWL, IIRO, WAMY, al Haramain, DIB, and Yasin Kadi are jointly and severally liable pursuant to 18 U.S.C. § 2333 for any and all damages that Plaintiffs have sustained as a result of such injuries.

WHEREFORE, Plaintiffs demand judgment against Defendants for an amount authorized by governing law to be determined at trial, together with punitive damages, pre- and post-judgment interest, attorney's fees, costs of this action and such other and further relief as the Court may deem appropriate under the circumstances.

## COUNT XIV

### CONSPIRING WITH AL QAEDA IN VIOLATION OF 18 U.S.C. §§ 2332(b) AND 2333

35. Plaintiffs incorporate all previous allegations by reference.

36. Plaintiffs suffered injuries to their persons, property or businesses by reason of acts committed by al Qaeda that involved the murder and attempted murder of persons within the

United States, and the mass destruction of real and personal property within the United States, in violation of the criminal laws of the United States, including the prohibitions set forth in 18 U.S.C. § 2332.

37.  The relentless campaign by al Qaeda and its material supporters to carry out terrorist attacks against the United States and its citizens, including the September 11th Attacks, was intended (a) to intimidate or coerce the civilian population of the United States, (b) to influence the policy of the government of the United States by intimidation or coercion, and (c) to affect the conduct of the government of the United States by mass destruction and murder.

38.  Defendants MWL, IIRO, WAMY, al Haramain, DIB, and Yasin Kadi agreed to combine and conspire with al Qaeda and other persons to act unlawfully, in the manners set forth in this complaint, and committed overt acts in furtherance of the conspiracy. At all relevant times, Defendants MWL, IIRO, WAMY, al Haramain, DIB, and Yasin Kadi knew of the conspiracy and the roles of the charitable front organizations and their leaders in furtherance of the conspiracy.

39.  The actions of Defendants MWL, IIRO, WAMY, al Haramain, DIB, and Yasin Kadi facilitated and advanced the conspiracy to conduct terrorist attacks against the United States and its citizens.

40.  By conspiring to act with al Qaeda and other components of that terrorist organization's financial, logistical, and operational infrastructures, in furtherance of their campaign to conduct terrorist attacks against the United States and its citizens, in violation of 18 U.S.C. § 2332, Defendants MWL, IIRO, WAMY, al Haramain, DIB, and Yasin Kadi are jointly and severally liable pursuant to 18 U.S.C. § 2333 for any and all damages that have sustained by reason of the September 11th Attacks.

WHEREFORE, Plaintiffs demand judgment against Defendants for an amount authorized by governing law to be determined at trial, together with punitive damages, pre- and post-judgment interest, attorney's fees, costs of this action and such other and further relief as the Court may deem appropriate under the circumstances.

## COUNT XV

### PROVISION OF MATERIAL SUPPORT TO TERRORISTS IN VIOLATION OF 18 U.S.C. § 2339A, 18 U.S.C. § 2339B(1), AND 18 U.S.C. § 2333

41. Plaintiffs incorporate all previous allegations by reference.

42. As set forth above, Defendants MWL, IIRO, WAMY, al Haramain, DIB, and Yasin Kadi knowingly and/or recklessly provided material support and resources to al Qaeda, with an awareness of and intent to further al Qaeda's campaign to carry out to terrorist attacks against the United States and its citizens.

43. As set forth above, but for the assistance provided by Defendants MWL, IIRO, WAMY, al Haramain, DIB, and Yasin Kadi, al Qaeda could not have successfully planned, coordinated, and carried out the September 11th Attacks, which were a foreseeable and intended result of their material support and sponsorship of al Qaeda.

44. By participating in the commission of violations of 18 U.S.C. § 2339A and 18 U.S.C. § 2339B that have caused Plaintiffs to be injured in their persons, businesses, or property, Defendants MWL, IIRO, WAMY, al Haramain, DIB, and Yasin Kadi are jointly and severally liable pursuant to 18 U.S.C. § 2333 for any and all damages that Plaintiffs have sustained as a result of such injuries.

WHEREFORE, Plaintiffs demand judgment against Defendants for an amount authorized by governing law to be determined at trial, together with punitive damages, pre- and post-

judgment interest, attorney's fees, costs of this action and such other and further relief as the Court may deem appropriate under the circumstances.

## COUNT XVI

### COMMITTING ACTS OF INTERNATIONAL TERRORISM IN VIOLATION OF 18 U.S.C. §2339B(2) AND 18 U.S.C. § 2333

45. Plaintiffs incorporate all previous allegations by reference.

46. As set forth above, DIB is a sophisticated international financial institution.

47. By knowingly collecting funds on behalf of, and transferring funds for the benefit of, al Qaeda's charity agents, with an awareness of al Qaeda's interest in those funds, DIB has provided material support to a designated Foreign Terrorist Organization under the Anti-Terrorism and Effective Death Penalty Act of 1996 in violation of 18 U.S.C. §§ 2339B(2)(a) and 2339B(2)(b).

48. As set forth above, DIB was aware of the charities' roles as fronts for al Qaeda, or at a minimum recklessly disregarded information that would have caused them to know that those charities were agents of al Qaeda.

49. In connection with its provision of material support and resources to al Qaeda in violation of 18 U.S.C. §§ 2339B(2)(a) and 2339B(2)(b), DIB aided and abetted and conspired with persons who are subject to the jurisdiction of the United States.

50. As a sophisticated international financial institution, DIB was legally obligated to retain possession of, or maintain control over, all funds belonging to or destined to be transferred to agents of al Qaeda, and to report to the Secretary of the Treasury the existence of such funds in accordance with regulations issued by the Secretary. By failing to do so, DIB has violated 18 U.S.C. § 2339B(2), and their actions in violation of § 2339B(2) proximately caused injuries to Plaintiffs.

13

51. Accordingly, DIB is jointly and severally liable pursuant to 18 U.S.C. § 2333 for any and all damages that Plaintiffs have sustained as a result of such injuries.

WHEREFORE, Plaintiffs demand judgment against Defendants for an amount authorized by governing law to be determined at trial, together with punitive damages, pre- and post-judgment interest, attorney's fees, costs of this action and such other and further relief as the Court may deem appropriate under the circumstances.

## COUNT XVII

### FINANCING OF TERRORISM IN VIOLATION OF 18 U.S.C. § 2339C AND 18 U.S.C. § 2333

52. Plaintiffs incorporate all previous allegations by reference.

53. As set forth above, Defendants MWL, IIRO, WAMY, al Haramain, DIB, and Yasin Kadi willfully and unlawfully provided funding and related services to al Qaeda and its agents, with the knowledge and intent that such funds be used, in part, to facilitate acts intended to cause death or serious bodily injury to civilians such as the victims of the September 11th Attacks, who were not taking part in any armed conflict.

54. The acts committed by Defendants MWL, IIRO, WAMY, al Haramain, DIB, and Yasin Kadi in providing funding and related services to al Qaeda and its agents were intended (a) to intimidate or coerce the civilian population of the United States, (b) to influence the policy of the government of the United States by intimidation or coercion, and (c) to affect the conduct of the government of the United States by mass destruction and murder.

55. As set forth above, but for the assistance provided by Defendants MWL, IIRO, WAMY, al Haramain, DIB, and Yasin Kadi, al Qaeda could not have successfully planned, coordinated, and carried out the September 11th Attacks, which were a foreseeable and intended result of their material support and sponsorship of al Qaeda.

56. By virtue of their willful violations of 18 U.S.C. § 2339C, which proximately caused the injuries suffered by Plaintiffs, Defendants MWL, IIRO, WAMY, al Haramain, DIB, and Yasin Kadi are jointly and severally liable pursuant to 18 U.S.C. § 2333 for any and all damages that Plaintiffs have sustained as a result of such injuries.

WHEREFORE, Plaintiffs demand judgment against Defendants for an amount authorized by governing law to be determined at trial, together with punitive damages, pre- and post-judgment interest, attorney's fees, costs of this action and such other and further relief as the Court may deem appropriate under the circumstances.

### COUNT XVIII

### COMMITTING ACTS OF INTERNATIONAL TERRORISM IN VIOLATION OF 18. U.S.C. § 2333

57. Plaintiffs incorporate all previous allegations by reference.

58. The actions of Defendants MWL, IIRO, WAMY, al Haramain, DIB, and Yasin Kadi in providing funding and other forms of material support to al Qaeda and its agents would constitute "a criminal violation if committed within the jurisdiction of the United States or of any State" and "appear to be intended to intimidate or coerce a civilian population ... to influence the policy of a government by intimidation or coercion or to affect the conduct of a government by mass destruction" within the meaning of 18 U.S.C. § 2331.

59. The actions of Defendants MWL, IIRO, WAMY, al Haramain, DIB, and Yasin Kadi in providing funding and other forms of material support to al Qaeda and its agents, provided substantial assistance to al Qaeda and its agents in planning, coordinating and carrying out the September 11th Attacks in violation of 18 U.S.C. § 2333, and caused injuries to Plaintiffs.

60. The actions of Defendants MWL, IIRO, WAMY, al Haramain, DIB, and Yasin Kadi in providing funding and other forms of material support to al Qaeda and its agents were dangerous to human life, by their nature and as evidenced by their consequences.

61. The actions of Defendants MWL, IIRO, WAMY, al Haramain, DIB, and Yasin Kadi in providing funding and other forms of material support to al Qaeda and its agents either occurred primarily outside the territorial jurisdiction of the United States or transcended national boundaries in terms of the means by which they were accomplished.

62. Accordingly, the actions of Defendants MWL, IIRO, WAMY, al Haramain, DIB, and Yasin Kadi in providing funding and other forms of material support to al Qaeda and its agents constitute acts of international terrorism as defined by 18 U.S.C. §§ 2331 and 2333.

63. Defendants MWL, IIRO, WAMY, al Haramain, DIB, and Yasin Kadi knowingly provided substantial assistance to acts of international terrorism and accordingly, their acts constitute aiding and abetting acts of international terrorism.

64. Defendants MWL, IIRO, WAMY, al Haramain, DIB, and Yasin Kadi also agreed to combine with other persons to act unlawfully in the manner set forth above and committed overt acts in furtherance of the conspiracy. At all relevant times, Defendants MWL, IIRO, WAMY, al Haramain, DIB, and Yasin Kadi knew of the conspiracy and the roles of the charitable front organizations and their leaders in furtherance of the conspiracy.

65. As set forth above, but for the assistance provided by Defendants MWL, IIRO, WAMY, al Haramain, DIB, and Yasin Kadi, al Qaeda could not have successfully planned, coordinated, and carried out the September 11th Attacks, which were a foreseeable and intended result of their material support and sponsorship of al Qaeda.

66. For the reasons set forth above, Defendants MWL, IIRO, WAMY, al Haramain, DIB, and Yasin Kadi are jointly and severally liable pursuant to 18 U.S.C. § 2333 for any and all damages that Plaintiffs have suffered to their persons, businesses or property as a result of the September 11th Attacks.

WHEREFORE, Plaintiffs demand judgment against Defendants for an amount authorized by governing law to be determined at trial, together with punitive damages, pre- and post-judgment interest, attorney's fees, costs of this action and such other and further relief as the Court may deem appropriate under the circumstances.

## JURY DEMAND

Plaintiffs demand a trial by jury as to all claims so triable.

Dated:   December 20, 2018

Respectfully submitted,

ANDERSON KILL P.C.

/s/ Jerry S. Goldman
Jerry S. Goldman, Esq.
1251 Avenue of the Americas
New York, NY  10020
Telephone:  212-278-1000
jgoldman@andersonkill.com